UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:23CR85 (SRU) |
| | : | |
| v. | : | |
| | : | |
| JOSEPH WILK, JR. | : | May 31, 2023 |
| | : | |

---------------------------------------------------------x

## FINDINGS AND RECOMMENDATION ON A PLEA OF GUILTY

The captioned matter was referred to the undersigned and a hearing pursuant to Fed. R. Crim. P. 11 was conducted on May 31, 2023, in person and on the record, with the written consent of the defendant, counsel for the defendant and counsel for the United States, regarding the defendant's request to waive indictment and enter a plea of "Guilty" to Count One of an Information charging him with Conspiracy to Distribute, and to Possess with Intent to Distribute, Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. Based upon the answers given by the defendant under oath and in the presence of counsel; the remarks of defense counsel and counsel for the government; and the written representations in the plea agreement, I find the following:

- That the defendant understands he was under oath and that to the extent he provides any false statements, he understands he may be prosecuted by the government for perjury or making a false statement and that the government may use the substance of those statements in any such prosecution;

- that the defendant is competent to plead and understands his right to plead not guilty, and having already so pleaded, his right to persist in that plea;

1

- that the defendant understands his right to indictment by Grand Jury and that he knowingly and voluntarily waived that right and consented to proceeding by Information.

- that he understands the nature of the charge against him in Count One of the Information to which he pleaded guilty;

- that he knows he has the right to be represented by counsel at trial and at every other stage of the proceeding, and, if necessary, have the court appoint counsel at no cost to him, and is satisfied with his current counsel;

- that he understands his right to trial by jury, including the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses, and that he understands he would be giving up these rights if he pleaded guilty and the Court accepts that plea;

- that he knows the maximum possible sentence that could be imposed, including the maximum possible terms of imprisonment and supervised release, the mandatory minimum period of supervised release that is applicable to the offense to which he pleaded guilty, the consequence of a violation of supervised release, the maximum potential fine that could be imposed, the mandatory special assessment of $100.00, that the Court has the authority to order forfeiture as set forth by the terms of the plea agreement in which defendant has agreed to forfeit $1740.00 in cash and two firearms that were seized from him, and that the Court has the authority to order restitution, though the government has acknowledged that restitution is not at issue in his plea agreement and is not specifically applicable in this case.

- that he knows that the Court is obligated to consider the advisory sentencing guidelines range, possible departures under the sentencing guidelines, and other sentencing factors under applicable sentencing law, and that any factual disputes at sentencing will be resolved by the Court by a preponderance of the evidence;

- that he understands the potential immigration consequences of a felony conviction if he were not a United States citizen, and that he understands the other collateral consequences of a felony conviction;

- that he knows he will not be permitted to withdraw his plea of guilty if the calculation of the sentencing guidelines or the sentence ultimately imposed is other than he anticipates;

- that he understands his right to appeal, including limitations placed on that right by the terms of a waiver in his plea agreement, and that such waiver was knowing and voluntary;

- that he understands the terms of his plea agreement and had the opportunity to review those terms with his counsel and accepts the terms of the plea agreement.

- that the defendant understands the elements of the offense to which he pleaded guilty, which the government is required to prove beyond a reasonable doubt at a trial, and that there is a factual basis for the defendant's plea; and

- that the defendant's waiver of rights and plea of guilty have been knowingly and voluntarily made, are of his own free will, were not coerced and were not the product of any other promises other than those contained in the plea agreement.

The Court also finds that, based on the representations of government counsel, there are no parties who had rights in regard to this proceeding under 18 U.S.C. § 3771.

Accordingly, I hereby RECOMMEND that the defendant's plea of guilty to Count One of the Information, that is, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846 be accepted.

Dated this 31st day of May, 2023, at Bridgeport, Connecticut.

/s/ S. Dave Vatti

S. Dave Vatti,
United States Magistrate Judge